IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DORIAN DAVENPORT, GJ-8898,    )  <br>         Petitioner,    ) <br>                                                       ) <br>         v.                                           ) <br>                                                       ) <br> ROBERT SHANNON, et al.,           ) <br>         Respondents.                      ) | 2:09-cv-1243 |

Report and Recommendation

I. Recommendation:

It is respectfully recommended that the petition of Dorian Davenport for a writ of habeas corpus be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

II. Report:

Dorian Davenport, an inmate at the State Correctional Institution at Frackville has presented a petition for a writ of habeas corpus. In an Order entered on October 2, 2009, the respondents and the District Attorney of Allegheny County, Pennsylvania were directed to answer and show cause, if any, why the relief sought should not be granted.

Davenport is presently serving a ten to twenty-five year sentence imposed on October 5, 2005 following his entry of a guilty plea to charges of robbery, aggravated assault, reckless endangerment and firearms violations at No. CC 11772 of 2004 in the criminal division of the

1

Court of Common Pleas of Allegheny County.[1] No appeal was pursued.[2]

On January 18, 2006, Davenport filed a post-conviction petition. Following an evidentiary hearing, that petition was dismissed on August 9, 2007.[3] An appeal was taken to the Superior Court in which the sole issue presented was:

> Did the trial court err in denying Defendant's amended petition for post-conviction relief following an evidentiary hearing on defendant's claim that trial counsel was ineffective for failing to withdraw defendant's plea of guilty prior to sentencing where defendant's testimony and evidence of record demonstrated that defendant wanted to withdraw his plea of guilty prior to sentencing?[4]

On January 26, 2009, the denial of post-conviction relief was affirmed.[5]

In the instant petition, executed on September 8, 2009, the petitioner contends he is entitled to relief on the following grounds:

> Counsel was ineffective in that:
>
> 1. Counsel induced a guilty plea by promising a sentence of five (5) to ten (10) years which proved to be untrue.
>
> 2. Counsel failed to move for withdrawal of the guilty plea though directed to do so.
>
> 3. Counsel failed to file a direct appeal although directed to do so.[6]

It is provided in 28 U.S.C. §2254(b) that:

---

[1] See: Petition at ¶¶ 1-6.

[2] Id. at ¶ 8.

[3] See: Answer of the Commonwealth at pp.137-138.

[4] Id at p.154.

[5] Id. at pp. 182-187.

[6] See: Petition at ¶ 12.

> An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a

> question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

In <u>Hameen v. Delaware</u>, 212 F.3d 226, 235 (3d Cir. 2000), the Court determined:

> The Court in <u>Williams v. Taylor</u> held that "[u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." <u>Williams v. Taylor</u>, further held that "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." The "unreasonable application" inquiry requires the habeas court to "ask whether the state court's application of clearly established federal law was objectively unreasonable." Thus, under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." The Court in <u>Williams v. Taylor</u> made it clear that the "contrary to" and "unreasonable application"clauses have independent meaning.

In the instant case, it is apparent from the record that the only issue which the petitioner raised in the Pennsylvania appellate courts i.e., his second issue, was the alleged ineffectiveness of counsel in failing to move for the withdrawal of his guilty plea. The other two issues where not raised in the appellate courts of the Commonwealth. In <u>Coleman v.Thompson</u>, 501 U.S. 722,750 (1991), the Court held:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.

Accordingly, he has procedurally defaulted these two issues and they need not be addressed here.

Thus, the only viable issue here is whether counsel was ineffective in failing to move to withdraw Davenport's guilty plea.

The background to this prosecution is set forth in the January 26, 2009, memorandum of the Superior Court in which it is stated:

> The record reveals that Appellant entered an open guilty plea on July 21, 2005, to one count of robbery, one count of firearms not be carried without a license, two counts of aggravated assault, and three counts of reckless endangerment. The charges stemmed from allegations that Appellant perpetrated a robbery on July 27, 2004, wherein he approached three individuals in the parking lot of Ross Park Mall, brandished a nine-millimeter pistol, ordered one of the victims to relinquish a necklace, and subsequently shot two of the victims during a physical altercation.[7]

In a habeas petition seeking to challenge a guilty plea, the only issue before the court is whether or not the plea was knowingly and intelligently entered with the assistance of adequate counsel. Meyers v. Gillis, 93 F.3d 1147 (3d Cir.1998). The record of the plea hearing[8] demonstrates that the petitioner is a high school graduate and comprehends English (PH.p.2); that he truthfully completed the written guilty plea colloquy form (PH.p.6)[9]; that he understood that by entering a plea he was waiving certain Constitutional rights (PH.pp.6-7); that he was entering a plea because he was in fact guilty of the charges (PH.p.8) and that other than the terms of the plea agreement which required the dismissal of two count of the indictment, no other promises had been made (PH.pp.7-8). The court also explained the various charges and the

---

[7] See: Answer at p.182.

[8] The plea hearing was held on July 21, 2005 and page references to the transcript of that hearing are marked "PH. p_____."

[9] The latter is a comprehensive 68 interrogatory form executed by the petitioner and his attorney on July 21, 2005 acknowledging his understanding of the charges, his rights and the voluntary nature of his plea.

5

possible penalties that could be imposed (PH.pp.2-6) and the prosecution set forth what its evidence would be if the case proceeded to trial (PH.pp. 9-15). Defense counsel also expressed his satisfaction that the petitioner understood the plea and that it was knowingly, intelligently and voluntarily entered (PH.p.8). Thus, there is no basis for concluding that the plea was not knowingly, voluntarily and intelligently entered with the assistance of counsel.

However, even if this was not the case, the record reveals that on September 19, 2005, the petitioner, pro se, filed a motion to withdraw his plea claiming that "he was not in his correct frame of mind and shock over-came him. The false statements by his attorney, the presence of the courtroom and its authority, did not afford him a clear mind to make a understandingly, knowingly and willingly decision to plead guilty." The trial court did not rule on this motion and proceeded to imposed sentence on October 5, 2005.[10] In the instant case, the record reveals that despite not framing the issue on federal constitutional grounds, the issue presented to the post-conviction court and the Superior Court on appeal was a challenge to the effective assistance of trial counsel.[11] While not presented as a federal constitutional issue, the substance of the claim was identical to a federal claim and for this reason, we will review the issue here.

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court explained that there are two components to demonstrating a violation of the right to effective assistance of counsel. First, the petitioner must show that counsel's performance was deficient. This requires showing that "counsel's representation fell below an objective standard of reasonableness." Id. at 688; see also Williams v. Taylor, 529 U.S. 362, 390-91 (2000). Second, under Strickland, the

---

[10] See: Answer at p.183.

[11] Id.

defendant must show that he was prejudiced by the deficient performance. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687, 104 S.Ct. 2052. To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The Strickland test is conjunctive and a habeas petitioner must establish both the deficiency in the performance prong and the prejudice prong. See Strickland, 466 U.S. at 687; Dooley v. Petsock, 816 F.2d 885, 889 (3d Cir. 1987), cert. denied, 484 U.S. 863 (1987). As a result, if a petitioner fails on either prong, he loses. Holladay v. Haley, 209 F.3d 1243, 1248 (11th 2000) ("Because both parts of the test must be satisfied in order to show a violation of the Sixth Amendment, the court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.")(citation omitted); Foster v. Ward, 182 F.3d 1177, 1184 (10th Cir. 1999) ("This court may address the performance and prejudice components in any order, but need not address both if Mr. Foster fails to make a sufficient showing of one.")

At the post-conviction hearing on July 17, 2007[12] the petitioner testified that he did not have an adequate opportunity to discuss his plea with counsel (PC p.7); that counsel had informed him that the agreement was for the imposition of a five to ten year sentence and not that the court would fashion its own sentence (PC pp.8-10); that he requested that counsel move for the withdrawal of his plea and also file an appeal from the sentence (PC pp.11,13); that he filed a pro-se motion to withdraw his plea (PC p.12); that he was aware that as a result of the agreement

---

[12] All transcript references to the July 17, 2007 hearing will be marked "PC p.____."

two of the counts would be withdrawn (PC p.15); and that he did not speak up about withdrawing his plea at the time of sentencing because counsel had assured him that the matter would be taken care of by him (PC.15, 16, 18).

At the post-conviction hearing retained trial counsel, who had over twenty years of defense experience (PC p.30) testified that he was aware of the petitioner's desire to withdraw his plea (PC p. 21); that he discussed this matter with the petitioner and made him aware of the serious ramifications of withdrawing his plea, and as a result petitioner elected not to do so (PC pp.22,27); that there was never an agreement that a five to ten year sentence would be imposed because the mandatory minimum sentence could aggregate twenty-five or thirty years (PC pp.23-24, 28, 33); that it was his hope that the court might run some of the mandatory minimum sentences consecutively which indeed did occur (PC pp, 25, 28-29); that the prosecution had a very strong case including positive identifications by two eye-witnesses, the location of the firearm involved in petitioner's mother's home and the petitioner's own admission to the police (PC pp.24, 26, 30); that the petitioner was well aware of what he was doing when he entered his plea (PC p.26) and that he had no recollection of the petitioner ever requesting that he appeal the sentence (PC pp.25,31).

In order to meet the Strickland requirements, petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness, and that but for counsel's alleged ineffectiveness the results would have been different. Here, however, the record clearly establishes that the Commonwealth had a very strong case including the positive identification by two of the victims, the recovery of the firearm used and the petitioner's own statement. In view of the mandatory minimum sentences which could have been imposed, i.e., twenty-five or thirty

years, the dropping of two counts and attempts by counsel to argue that the minimum sentences run concurrently[13], counsel cannot be deemed to have been ineffective. Rather, the actions of counsel, with which the petitioner concurred, demonstrate that the entry of the plea to a lesser number of charges and the hope that some of the minimum sentences would be imposed concurrently, appears to be a strategic exercise of sound judgment, and as such does not provide a basis for relief. Rolan v. Vaughn, 445 F.3d 671 (3d Cir.2006).

Thus upon review of the petition, the answer of the Commonwealth, the relevant state court records and the petitioner's traverse to the answer, it appears that the petition is without merit and it is accordingly recommended that the petition of Dorian Davenport for a writ of habeas corpus be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

Within the time limits set forth in the attached notice of electronic filing, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

                          Respectfully submitted,

                          s/Robert C. Mitchell,
Entered December 22, 2009:        United States Magistrate Judge

---

[13] See: October 5, 2005 sentencing hearing transcript at pp.11-12.